UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                            Case No. 21-20235

DEWAYNE JAVON BUTLER,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION *IN LIMINE* TO EXCLUDE CHARACTER EVIDENCE**

Defendant Dewayne Butler is charged with two counts of possession with intent to distribute controlled substances, 21 U.S.C. § 841(a)(1). (ECF No. 17, PageID.28-29.) The United States Postal Inspection Service ("USPIS"), with the support of the United States Border Patrol and local police, intercepted two packages in late July and early August 2020 that contained over three kilograms of fentanyl. The government alleges that Defendant mailed the packages.

Before the court is Defendant's motion *in limine* (ECF No. 28), which seeks to exclude from evidence references to (1) Defendant's criminal history and pending state charges against him in Texas, (2) other occasions of his suspected involvement in mailing particular packages, and (3) an instance of the government seizing currency from him at the Detroit Metropolitan Airport. The government filed a response. (ECF No. 36.) Defendant did not submit a reply. The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. LR 7.1(f)(2). As explained more fully below, court will deny Defendant's motion because it is premature.

The crux of Defendant's argument is that the admission of these past events is prohibited by Federal Rule of Evidence 404 because they would be "offered for an improper propensity purpose." (ECF No. 28, PageID.245-46.) Defendant is correct that a court must exclude "[e]vidence of any other crime, wrong, or act" that is used "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Exceptions to this rule include evidence admitted for purposes other than propensity, such as "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). In criminal cases, if the government intends to use such evidence, it must in writing before trial "provide reasonable notice of any such evidence . . . so that the defendant has a fair opportunity to meet it," including an articulation of "the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3).

Although "it is anticipated" by Defendant that the evidence he seeks to exclude will be offered by the government (ECF No. 28, PageID.251), the prosecution has yet to notify Defendant that it seeks to introduce any evidence pursuant to Rule 404(b). (ECF No. 36, PageID.328.) And, according to the government, "[n]either has it determined whether or not the facts and circumstances of the events noted by the Defendant satisfy the required foundation to support their use as prior acts evidence" under the rule. (*Id*.) Thus, although Defendant argues the government "would likely seek to offer such evidence to establish a criminal propensity," such an assertion is nothing more than speculation. (ECF No. 28, PageID.256.) The court cannot properly rule on any matters pertaining to Rule 404 or relevance without knowing the particular purpose for which the

2

government intends to offer the evidence—if they offer that evidence at all.[1] As noted by the prosecution, "[i]n the event that the government believes that admission of one or more of the events identified by Defendant . . ., or any other prior act evidence, can appropriately be offered under FRE 404(b)," following proper notice, Defendant will have the opportunity to raise his motion again, if necessary. (ECF No. 36, PageID.328.)

In conclusion, Defendant's motion is premature and therefore must be denied. Accordingly,

IT IS ORDERED that Defendant's motion *in limine* (ECF No. 28) is DENIED WITHOUT PREJUDICE.

        s/Robert H. Cleland    /
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: October 6, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 6, 2021, by electronic and/or ordinary mail.

        s/Lisa Wagner    /
        Case Manager and Deputy Clerk
        (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\21-20235.BUTLER.MotionInLimine.MAZ.docx

---

[1] Similarly problematic is Defendant's assertion that "[e]ven if the Court were to conclude that the . . . evidence is relevant to a non-propensity purpose" it should be excluded under Federal Rule of Evidence 403. (ECF No. 28, PageID.257.) Rule 403 gives the court discretion to exclude evidence if its "probative value is substantially outweighed by a danger" of, *inter alia*, "unfair prejudice." But without knowing why the evidence is being proffered, the court cannot accurately determine its probative value nor its prejudicial effect.